# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BOBBY DEONTRAY WYCHE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | 1:18CV1014 |
| v. | ) | |
| | ) | |
| ADMINISTRATOR BRYAN LEE PULLEY, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, filed through counsel a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent filed an answer (Docket Entry 16), a motion for summary judgment (Docket Entry 17), and a supporting memorandum (Docket Entry 18). Petitioner then filed a response (Docket Entry 19) and a brief in support of the same (Docket Entry 20). This matter is now ready for a ruling.

## Background

On August 3, 2015 Petitioner filed a Motion for Appropriate Relief ("MAR") in the Superior Court of Durham County, challenging the constitutional validity of two prior North Carolina convictions from December of 2008—common law robbery and second-degree burglary—for which he received two consecutive terms of 13-16 months suspended for 36 months of supervised probation.[1] (Docket Entries 5 and 9.) While this motion was pending,

---

[1] Petitioner served the entirety of these sentences as of March 5, 2010. (Docket Entry 18, Ex. 1 at 7.) Consequently, they expired years prior to Petitioner filing his MAR.

Petitioner pled guilty on August 10, 2015 in the Superior Court of Durham County to multiple counts of breaking and/or entering, felony larceny, obtaining property by false pretenses, conspiracy to commit breaking and/or entering, all as a habitual offender, and was sentenced to 97-129 months of imprisonment. (Docket Entry 2.) That same day, prior to entering his guilty plea, Petitioner also filed objections to the use of the December 2008 common law robbery conviction and/or second-degree burglary conviction as a predicate felony for his habitual felon status as to his August 2015 convictions. (Docket Entry 3.) Petitioner did not appeal. (Docket Entry 1 at 4.)

In August of 2017, Petitioner's MAR was denied. (Docket Entry 11.) He then filed a certiorari petition in January of 2018 with the North Carolina Court of Appeals, seeking review of the denial of his MAR, which was denied in February of 2018. (Docket Entry 12.) He next filed a certiorari petition with the Supreme Court of North Carolina seeking review of the denial of his MAR, which was dismissed on December 5, 2018. (Docket Entry 18, Ex. 4.) Petitioner filed his federal habeas petition on December 11, 2018. (Docket Entry 1.)

## Petitioner's Ground for Relief

In his Petition, Petitioner raises a single ground, contending:

> Petitioner Wyche is being held in violation of his rights to due process of law, effective assistance of counsel, and speedy trial guaranteed by the Constitution of the United States, Sixth and Fourteenth Amendments, because of the Superior Court of North Carolina sentencing Petitioner Wyche as a habitual felon notwithstanding Petitioner Wyche's showing, by motion for appropriate relief filed in the Superior Court in Durham County, one of the predicate convictions alleged to establish habitual felon status was obtained without jurisdiction and in violation of Petitioner Wyche's constitutional rights to due process of law, effective assistance of counsel, and speedy trial. The Superior Court's denial of Petitioner Wyche's motion for appropriate relief

2

without any hearing is contrary to or involves an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States and is a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(Docket Entry 1 at 10-11.)

Petitioner elucidates his claim further in setting out the relief sought:

Because the State court adjudication denying Petitioner Wyche's challenge to a prior conviction obtained in 2008 in violation of Petitioner Wyche's rights to due process of law, effective assistance of counsel, and speedy trial guaranteed by the Constitution of the United States, Sixth and Fourteenth Amendments, results in a decision contrary to or involving an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States and/or a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, the use of the 2008 conviction in 2015 to enhance the sentence imposed on the State court judgment challenged herein violates Petitioner Wyche's right to due process of law guaranteed by the Constitution of the United States, Fourteenth Amendment.

(*Id.* at 22-23.)

## Discussion

The United States district courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). This statutory language means that the habeas petitioner must be "in custody" under the conviction or sentence under attack at the time of the petition. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

3

In this case, Petitioner is no longer in custody for the 2008 convictions (his sentence expired in 2010) and he was not in custody for those convictions when the instant Petition was filed in 2018. (Docket Entry 18, Ex. 1 at 7.) Consequently, the Court lacks jurisdiction to review a direct challenge by way of a habeas petition of Petitioner's 2008 convictions. *See Maleng*, 490 U.S. at 492 ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.").

Nevertheless, this Court does have jurisdiction to consider the claim that his 2015 sentence (for which he is in custody) was improperly enhanced by the 2008 convictions. *See generally id* at 493-94. However, the scope of the Court's review of the 2008 convictions is extremely limited. The United States Supreme Court has held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, [a § 2254 petitioner] generally may not challenge the enhanced sentence . . . on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-404 (2001) (citations omitted).

An established exception to this rule is that a petitioner may challenge an enhanced sentence where the conviction used to enhance the sentence was obtained in violation of the petitioner's Sixth Amendment right to counsel as recognized in *Gideon v. Wainwright*. (*Id.* citing 372 U.S. 335 (1963).) A further, rare exception may arise under *Lackawanna* if a petitioner can show that the state impeded his ability to obtain direct or collateral review of his underlying

conviction or if he can show compelling evidence of actual innocence, which evidence was obtained only after the completion of the time for state court review. *Id.* at 405. These *Lackawanna* exceptions are limited to circumstances wherein the habeas proceedings are "effectively . . . the first and only forum available for review of the prior conviction." *Id.* at 406. Accordingly, under *Lackawanna*, the Court may not reach the question of whether Petitioner's 2008 convictions were unconstitutionally obtained unless Petitioner can meet one of these narrow exceptions.

Petitioner makes no effort to meet any of these exceptions and the Court does not see how, on this record, he could. Petitioner challenges his 2008 convictions as constitutionally invalid because (1) the superior court lacked jurisdiction due to an improper transfer from juvenile court in violation of due process, (2) ineffective assistance of counsel, and (3) denial of a speedy trial. (Docket Entry 1 at 10.) None of these grounds implicate one of the exceptions identified in *Lackawanna*.[2]

Moreover, Petitioner was appointed counsel for his 2008 criminal proceedings, so he clearly was not denied counsel. (Docket Entry 8.) Petitioner, who does not assert that he was denied the right to a direct appeal of his 2008 convictions, was also able to challenge his 2008 convictions in one full round of collateral review at the state level. (Docket Entries 5, 11-13.) It therefore cannot be said that the state impeded his ability to obtain direct or collateral review

---

[2] The *Lackawanna* exception for a *Gideon*-like challenge for failure to appoint counsel does not extend to a claim of ineffective assistance of counsel, nor does Petitioner contend that it does. *See Adams v. Warden of Tyger River Corr. Inst.*, No. CV 8:18-1364-JMC-JDA, 2018 WL 3321571, at *4 (D.S.C. June 8, 2018) (unpublished) (collecting cases), *report and recommendation adopted*, 2018 WL 3306899 (D.S.C. July 5, 2018) (unpublished).

5

of his underlying convictions. Nor does Petitioner make any assertion of actual innocence of his 2008 convictions, much less provide compelling evidence of such innocence.

For all these reasons, Petitioner may not challenge his (enhanced) 2015 sentence on the ground that the prior 2008 convictions were unconstitutionally obtained. *See Lackawanna*, 532 U.S. at 403-404; *see also Lee v. W. Virginia ex rel. Attorney Gen. of W. Virginia*, 30 F. Appx 285, 286 (4th Cir. 2002) ("[A] prisoner may not (except in narrow circumstances not applicable in this case) collaterally attack an expired conviction that has been used to enhance a sentence for which the prisoner is presently in custody[.]").

Petitioner's arguments to the contrary are not persuasive. Petitioner, through counsel, asserts that the *Lackawanna* exclusion for 28 U.S.C. §2254 relief does not

> apply to this case. In 2015, when Petitioner Wyche moved for appropriate relief from the 4 December 2008 convictions, the prior convictions remained "open to . . . collateral attack in [their] own right" because North Carolina does not limit the time to move for appropriate relief from non-capital criminal convictions, N.C.G.S. §15A-1415(a) ("(a)t any time after verdict, a noncapital defendant by motion may seek appropriate relief"). Petitioner Wyche did "pursue those remedies while they were available" – before the prior convictions were used to enhance the current sentence – and the current guilty pleas and admission of habitual felon status were entered expressly subject to the determination of Petitioner Wyche's then-pending and timely motion for appropriate relief.

(Docket Entry 20 at 9.)

Petitioner therefore seems to argue that because he had his only state court collateral proceeding attacking his 2008 convictions pending at the time he entered his 2015 state court guilty plea for being a habitual felon, this Court may—either directly or indirectly—review the constitutionality of his 2008 convictions. For a number of reasons, this is not so.

First, as noted, the Court may not directly review Petitioner's 2008 convictions under *Maleng*. Petitioner's sentence on those convictions had already fully expired, and Petitioner was no longer in custody, when he filed the instant Petition.[3] *See Maleng*, 490 U.S. at 492.

Second, the Court may not indirectly review Petitioner's 2008 convictions through a challenge to his 2015 convictions. Petitioner's 2008 convictions were valid convictions when they were used to enhance his sentence in 2015. Petitioner's 2008 convictions were valid in February of 2018 after a full round of state post-conviction review. And, because none of the narrow exceptions to *Lackawanna* apply, Petitioner's 2008 convictions were conclusively valid when he filed his December 2018 federal habeas petition challenging his 2015 convictions. *Lackawanna*, 532 U.S. at 403. That Petitioner's MAR attacking his 2008 convictions was pending when he pled guilty in 2015 to being a habitual felon is immaterial to this analysis because, as explained, that challenge was unsuccessful.

Third, Petitioner has failed to provide, and the Court is unaware of, any principled reason why *Lackawanna* would not preclude review of Petitioner's sole ground for relief. The Supreme Court based its holding in *Lacawanna* on the need for finality of convictions and other concerns related to the administration of justice based on the substantially diminishing likelihood that state court records and transcripts of prior convictions will be retained and will remain accessible for review. *Lackawanna*, 532 U.S. at 403-404. Those rationale are applicable in this case. Here, North Carolina has an interest in the finality of Petitioner's 2008

---

[3] Errors with state post-conviction proceedings are not cognizable on federal habeas review. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review). Consequently, Petitioner's claim that the 2008 MAR court erred in denying him an evidentiary hearing warrants no relief for this reason as well.

7

convictions. Also, approximately a decade after his 2008 convictions, the state court record of those convictions is no longer fully intact (*see* Docket Entry 1, Ex. 11 at 4), and Petitioner has had one full round of collateral review. Beyond this, Petitioner points to no case law that would suggest *Lackawanna* does not apply, and the Court is unaware of any. In light of all this, Petition's sole argument fails, the Petition should be denied, and this matter should be dismissed.

## Conclusion

For the reasons set forth above, the Petition should be denied. Neither the appointment of counsel, nor an evidentiary hearing, nor discovery are warranted in this matter.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 17) be **GRANTED**, that the Petition (Docket Entry 1) be **DENIED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

June 6, 2019
Durham, North Carolina